UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SCOTT LEWIS RENDELMAN, | ) | CASE NO. 1:08 CV 1812 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| OFFICER BADGER, et al., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Pro se plaintiff Scott Lewis Rendelman filed this Bivens[1] action against Northeast Ohio Correctional Center ("NEOCC") Officer Badger, NEOCC Officer Stump, and Corrections Corporation of America ("CCA"). In the complaint, plaintiff asserts that Officers Badger and Stump denied him a kosher meal and directed an offensive gesture at him. He seeks $ 4,100.00 in damages.

**Background**

Mr. Rendelman was housed at NEOCC for a period of nineteen days in May 2008. He contends that when he arrived at the prison on May 8, 2008, he was placed in the general prison population. He indicates that he is an Orthodox Jew and observes the kosher laws. He states that for the first five days at the prison, he consumed only milk, fruit, and salad. He claim that NEOCC has a religious "common fare" diet that meets kosher requirements. He immediately requested

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).

placement on the diet.

On May 13, 2008, Mr. Rendelman was moved to administrative segregation. He claims his security classification is "high" while NEOCC is a medium security prison. He was told he had been placed in the NEOCC general population in error. He contends that he received a visit from the chaplain on May 14, 2008 who informed him that he had been approved for the common fare diet. The following day, May 15, he received a common fare breakfast and a lunch tray. When dinner was served, however, he was given a standard tray. Mr. Rendelman refused the tray because an inmate accepting a standard tray can lose the common fare diet. He indicates that he told Officer Stump that he was receiving the religious diet. Officer Badger told Officer Stump that Mr. Rendelman was not on the list for common fare. Mr. Rendelman tried to tell them that he had been approved that morning and asked them to call the kitchen to confirm. Officer Badger promised he would do so at the first possible free moment. Mr. Rendelman waited but did not see Officer Badger make the call. At the end of the meal time, Mr. Rendelman again asked Officer Badger to make the call. Officer Badger responded with the Nazi salute and stated that dinner was over and he would get nothing. He states that Officer Stump witnessed this action and did not intervene to stop the behavior. Mr. Rendelman states that from May 16, 2008 until he left NEOCC on May 27, 2008 he received common fare food without incident.

Mr. Rendelman does not identify any legal claim that he intends to assert. He indicates that CCA is "responsible for failure to train its officers to respect religious practices of inmates." (Compl. at 4.) He states that the Nazi salute could be interpreted as a threat. He indicates that he was afraid of these officers until his transfer eleven days later. He seeks $ 1,200.00 from each of the defendants plus $ 500.00 from Officer Badger for making the Nazi salute.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

As an initial matter, Mr. Rendelman does not state a legal theory upon which he seeks to base this case. It is possible that he is attempting to assert a claim for denial of freedom of religion under the First Amendment. In order to establish a violation of the Free Exercise Clause of the First Amendment, however, plaintiff must show that the prison's policy or practice prevented him from engaging in conduct or having a religious experience which is mandated by the organized religious group to which plaintiffs belong. Abdullah v. Fard, 974 F. Supp. 112, 117 (N.D. Ohio 1997); see also, Madison v. Horn, No. CIV.A. 97-3143, 1998 WL 531830 at *8 (E.D. Pa. Aug. 21, 1998). The policy's interference with the religious experience must be more than an inconvenience to the prisoners; it must substantially burden the ritual or observance in question. Abdullah, 974 F. Supp. at 117. Mr. Rendelman was denied one kosher meal. There is no reasonable suggestion

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

in the complaint that this act placed a substantial burden on Mr. Rendelman's exercise of his religion.

It is also possible that Mr. Rendelman is attempting to assert a claim for violation of the Eighth Amendment. This too would fail to state a claim. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). To state a claim for violation of the Eighth Amendment, the plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. Wilson v. Seiter, 501 U.S. 294, 298 (1991). Seriousness is measured in response to "contemporary standards of decency." Hudson v. McMilian, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. Id. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. Id. at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. Id. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Verbal harassment and offensive comments are generally not cognizable as constitutional deprivations. See Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). If the prison officials, in fact, engaged in the conduct described, such behavior is certainly reprehensible and should be condemned as such. The gesture apparently was an isolated incident, however. Mr. Rendelman does not allege that he had any other negative encounters with these corrections officers for the brief remainder of the time he was at the facility. There are no allegations in the complaint to suggest that Mr. Rendelman was subjected to

the type of serious conditions which give rise to an Eighth Amendment violation.

Finally, Mr. Rendelman asserts that CCA is liable to him for failing to train its officers to respect religious practices. Respondeat superior is not a proper basis for liability under § 1983. Leary v. Daeschner, 349 F.3d 888, 903 (6th Cir.2003); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.1984). The liability of supervisors and employers cannot be based solely on the right to control employees, or "simple awareness of employees' misconduct," Leary, 349 F.3d at 903; Bellamy, 729 F.2d at 421. Furthermore, an employer's "failure to supervise, control or train the offending individual is not actionable unless the employer 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.1999) (quoting Hays v. Jefferson County, 668 F.2d 869, 874 (6th Cir.1982)). "At a minimum a plaintiff must show that the [employer] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Id. (quoting Hays, 668 F.2d at 874). The complaint contains no allegation suggesting that CCA was aware of the incident and condoned the officers' behavior.

To the extent that Mr. Rendelman intended to assert some other claim, it must be dismissed. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would

5

"require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state another federal constitutional claim or claims upon which plaintiff can base his §1983 action.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: November 25, 2008

---

[3] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.